UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHARONANN GILDEA,

                                Plaintiff,

                                                **AMENDED COMPLAINT**

    -against-

THE COUNTY OF NASSAU,
P.O. JASON WRIESKE, individually and in his official,
capacity, P.O. LUE DOBBS, individually and in his,
official capacity, P.O. "JOHN DOE" Nos 1-10*
individually and in their official capacities,
(*the name "John Doe" being fictitious, as the true
names are presently unknown),

                                Defendants.
-------------------------------------------------------------------X

Plaintiff, by her attorneys, **RATSENBERG & ASSOCIATES, P.C.**, complaining of the defendants herein, respectfully states and alleges, as follows:

## PARTIES

1. Plaintiff, SHARONANN GILDEA, at all times of the institution of this action, was and still is a resident of the County of Nassau, Town of Babylon, and State of New York.

2. At all times herein mentioned, the Defendant, THE COUNTY OF NASSAU, was and still is a municipal corporation duly organized and existing under, and by virtue of, the Laws of the State of New York.

3. That upon information and belief, the Defendant, P.O. JASON WRIESKE, at all times of the institution of this action, was and still is a resident of the County of Nassau and State of New York.

4. That upon information and belief, the Defendant, P.O. LUE DOBBS, at all times of the institution of this action, was and still is a resident of the County of Nassau and State of New York.

5. That upon information and belief, at all times hereinafter mentioned, Defendants, P.O. JASON WRIESKE, P.O. LUE DOBBS, and "JOHN DOE" Nos 1-10, were Nassau County Police Officers acting in the course of their employment with Defendant, THE COUNTY OF NASSAU, and under color of State law.

6. That upon information and belief, the defendant, P.O. JASON WRIESKE, is sued herein as an individual and in his official capacity as a Police Officer of the County of Nassau.

7. That upon information and belief, the defendant, P.O. LUE DOBBS, is sued herein as an individual and in his official capacity as a Police Officer of the County of Nassau.

8. That upon information and belief, the defendants, "JOHN DOE" Nos 1-10, are sued herein as individuals and in their official capacity as a Police Officers of the County of Nassau.

9. That on or about August 27, 2018, and within the time prescribed by law, sworn Notices of Claims stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demand for adjustment thereof was duly served on the Plaintiff's behalf on the Defendants and that, thereafter, the Defendants refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

10. That pursuant to the Public Authorities Law Section 1276, a hearing was held on December 18, 2018, for Plaintiff at the Office of the Defendants or at the office of its designated agent.

11. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

**JURISDICTION AND VENUE**

12. The Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

13. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

14. Pursuant to 28 U.S.C. § 1391, venue is properly placed in the United States District Court for the Eastern District of New York since the Defendants are subject to the court's personal jurisdiction with respect to such action.

## FACTUAL BACKGROUND

15. The Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

16. Upon information and belief, that at all times relevant hereto, the Defendant, THE COUNTY OF NASSAU, assumed and maintained responsibility, supervision, control, and authority over the Nassau County Police Department and Defendants, P.O. JASON WRIESKE, P.O. LUE DOBBS, and "JOHN DOE" Nos 1-10, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and respondeat superior.

17. That on or about March 22, 2017, the Plaintiff was lawfully present at the driveway of her place of work located at 25 West Jefryn Boulevard in the County of Suffolk, Town of Babylon, and the State of New York.

18. That on or about March 22, 2017, the Defendants, P.O. JASON WRIESKE, P.O. LUE DOBBS, and/or "JOHN DOE" Nos 1-10, approached the plaintiff at the aforesaid location.

19. That on or about March 22, 2017, the Plaintiff was handcuffed by the Defendants, P.O. JASON WRIESKE, P.O. LUE DOBBS, and/or "JOHN DOE" Nos 1-10.

20. That on or about March 22, 2017, the Plaintiff was arrested by the Defendants, P.O. JASON WRIESKE, P.O. LUE DOBBS, and/or "JOHN DOE" Nos 1-10 and was removed to a police precinct for questioning.

21. That on or about March 22, 2017, the Plaintiff was charged with Aggravated Harassment in Second Degree.

22. That on or about March 23, 2017, the Plaintiff was arraigned on the aforesaid charges of the Aggravated Harassment in Second Degree.

23. That the Plaintiff's trial was held approximately from June 6, 2018 to June 20, 2018.

24. That on or about June 20, 2018, the Plaintiff was acquitted.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF (FALSE ARREST under 42 U.S.C §1983)

25. The Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

26. Upon information and belief, the Defendants lacked probable cause to arrest Plaintiff.

27. As a result of the aforesaid conduct by the Defendants, Plaintiff was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the Defendants.

28. The aforesaid actions by the Defendants constituted a deprivation of the Plaintiff's right, privileges and/or immunities secured by the Constitution and laws of the United States of America.

29. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF
## (MALICIOUS PROCESUTION under 42 U.S.C §1983)

30. The Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

31. Upon information and belief, Defendants misrepresented and falsified evidence before the District attorneys.

32. Upon information and belief, the Defendants did not make a complete and full statement of facts to the District Attorney.

33. Upon information and belief, the Defendants withheld exculpatory evidence from the District Attorney.

34. Upon information and belief, the Defendants were directly and actively involved in the initiation of the criminal proceedings against the Plaintiff.

35. Upon information and belief, the Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

36. Upon information and belief, the Defendants acted with malice in initiating proceeding against the Plaintiff.

37. Upon information and belief, Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

38. Upon information and belief, Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

39. Upon information and belief, Defendants acted with malice in continuing criminal proceedings against Plaintiff.

40. Upon information and belief, Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

41. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF
## (DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL under 42 U.S.C. § 1983)

42. The Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

43. Upon information and belief, Defendants forwarded false evidence and false information to prosecutors.

44. Upon information and belief, in creating false evidence against Plaintiff in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

46. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF
## (MALICIOUS ABUSE OF PROCESS under 42 U.S.C. § 1983)

47. The Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

48. Upon information and belief, the aforementioned individual defendants arrest Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

49. Upon information and belief, the aforementioned individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

50. As a result of the foregoing, Plaintiff sustained, inter alia, mental anguish, shock, fright, apprehension, embarrassment, loss of income, humiliation, and deprivation of her constitutional rights.

51. As a result of the foregoing, Plaintiff has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00).

**WHEREFORE**, Plaintiff demands judgment against the defendants jointly and severally as follows:

(a) On first cause of action, compensatory damages in the amount of $1,000,000.00, and punitive damages in the amount of $1,000,000.00;

(b) On second cause of action, compensatory damages in the amount of $1,000,000.00, and the punitive damages in the amount of $1,000,000.00;

(c) On third cause of action, compensatory damages in the amount of $1,000,000.00, and the punitive damages in the amount of $1,000,000.00;

(d) On fourth cause of action, compensatory damages in the amount of $1,000,000.00, and the punitive damages in the amount of $1,000,000.00;

(e) Costs and disbursements of this action, including attorney's fees, and for such other and further relief as to this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      May 6, 2019

RATSENBERG & ASSOCIATES, P.C.

Yours etc.,

BY: _____
STEPHANIE G. OVADIA, ESQ.
Attorneys for Plaintiff
**SHARONANN GILDEA**
2579 East 17th Street, Suite 51
Brooklyn, New York 11235
(718)676-5757

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
COUNTY OF KINGS      ) ss:

MELANY SHTIVELMAN, being duly sworn, deposes and says:

That I am not a party to this action am over 18 years of age and resides in Brooklyn, New York.

That on May 2, 2019, I served a true copy of the annexed **AMENDED COMPLAINT** and for the following matter, by mailing via USPS Priority Mail Service the same in a sealed envelope, with postage prepaid, in a post office or official depository of the United States Postal Service within the State of New York addressed to the last known address of the addresses as indicated below:

TO:  JARED A. KASSCHAU
     NASSAU COUNTY ATTORNEY
     Callan W. Tauster
     One West Street
     Mineola, New York 11501

_____
MELANY SHTIVELMAN

Sworn to Before Me on this
2th Day of May, 2019

_____
NOTARY PUBLIC

[Notary seal: EKATERINA TERESHCHENKOV, NOTARY PUBLIC, NO. 01TE6287837, QUALIFIED IN KINGS COUNTY, COMM. EXP. 08-26-2021, STATE OF NEW YORK]

*Index No.*                 *Year*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHARONANN GILDEA,

                         Plaintiff,

         -against-

THE COUNTY OF NASSAU,
P.O. JASON WRIESKE, individually and in his official
capacity, P.O. LUE DOBBS, individually and in his,
official capacity, P.O. "JOHN DOE" Nos 1-10*
individually and in their official capacities,
(*the name "John Doe" being fictitious, as the true
names are presently unknown),

                         Defendants

## AMENDED COMPLAINT

## RATSENBERG & ASSOCIATES, P.C.

ATTORNEYS AT LAW

*Attorneys for Plaintiff*
SHARONANN GILDEA
2579 EAST 17th STREET, SUITE 51
BROOKLYN, NEW YORK 11235

Tel. (718) 676-5757
Fax (718) 676-5758